IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES BELSER, #103974, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) CASE NO. 2:11-CV-934-TMH |
| | ) [WO] |
| | ) |
| STATE OF ALABAMA, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by James Belser ["Belser"] on October 27, 2011.[1] In this petition, Belser challenges a conviction for second degree assault imposed upon him by the Circuit Court of Montgomery County, Alabama on April 19, 1988.

**DISCUSSION**

A review of the records of this court establishes that Belser filed a previous habeas petition pursuant to the provisions of 28 U.S.C. § 2254 challenging the assault conviction made the basis of the instant petition. *Belser v. Holt, et al.*, Case No. 2:98-CV-28-ID (M.D. Ala. 1999). The court determined the claims raised in the 1998 habeas petition

---

[1] The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to correctional officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). The documents filed by Belser indicate he submitted the petition for mailing on October 27, 2011. *Petition for Writ of Habeas Corpus - Court Doc. No. 1* at 15. In light of the foregoing and for purposes of the proceedings herein, the court considers October 27, 2011 as the date of filing.

entitled Belser to no relief and dismissed such petition with prejudice on January 8, 1999.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C). It is clear from the pleadings filed herein that Belser has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is Belser's] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be denied and this case summarily dismissed. *Id*. at 934.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge

that:

    1.  The 28 U.S.C. § 2254 petition for habeas corpus relief filed by James Belser on October 27, 2011 be DENIED.

    2.  This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Belser has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.[2]

    It is further

    ORDERED that **on or before November 17, 2011**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

---

[2] The court notes that any habeas claims the petitioner seeks to present are likewise subject to the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1).  Moreover, the court finds that there are no circumstances present in this case which "entitle [Belser] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay ... because the limitations period had already expired before he filed" the instant habeas action.  *Guenther v. Holt*, 173 F.3d 1328, 1330-1331 (11th Cir. 1999).

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of November, 2011.


      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE